USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/09/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE M. ARAMAN,

                          Plaintiff,

            -against-

REAL ESTATE BOARD OF NEW YORK; 237
105TH STREET LLC; REAL BROKER LLC;
ALEX ARAMAN; BEVERLY ARAMAN; PAUL
ARAMAN; SHIRLEY CABRERA; DR. SERGEI
KALSOW MD PC; CHARLIE SAHADI;
JONAHTAN GARDNER; FEDERAL BUREAU
OF INVESTIGATION; NINA CARLOW ESQ.;
AARON LEVY; MATHEW LEVY; ANNA
ARAMAN; ANNA ARAMAN C/O OCTOLY;
BARRY JANAY C/O RICK STEINER FELL &
BENOWITZ LLP; BARRY JANAY C/O THE
LAW OFFICE OF BARRY E. JANAY P.C.,

                          Defendants.

1:21-CV-8397 (RA)

ORDER OF DISMISSAL

RONNIE ABRAMS, United States District Judge:

 Plaintiff Christine M. Araman, proceeding *pro se*, brings this action under the Court's federal-question jurisdiction. She alleges that the federal constitutional and statutory bases for her claims are "antitrust violations, enterprise corruption, discrimination, medical malpractice—HIPAA violations, [and] standard of care." (ECF 1, at 4.) She seeks damages, "civil and criminal sanctions" against some Defendants, an order of protection against other Defendants, and reimbursement of legal and medical fees. Plaintiff has paid the relevant fees to bring this action. For the reasons set forth below, the Court dismisses this action as frivolous.

## STANDARD OF REVIEW

 The Court has the authority to dismiss an action, even when the plaintiff has paid the fees to bring it, if the Court determines that the action is frivolous, *see Fitzgerald v. First E. Seventh*

*Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("An action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff's claims center around purported injuries she has sustained from family members, law-enforcement officials, a cosmetic surgeon, and real-estate brokers, among others. The entirety of her Statement of Claim reads as follows:

> An integrated group of people in New York and [who] work in New York retaliated against [Plaintiff] based on their belief that [she is] weak and pass blame on [her] with accusation[s] they have projected onto [her]. They are defendants Paul Araman, Matthew and Anna Araman. The retaliation comes from their belief that [Plaintiff] know[s] something about drugs but the fact is Dan Morro, a former narcotics agent with Homeland Security was investigating people from [Plaintiff's] hometown in Old Tappan, NJ. They retaliated against [Plaintiff] using people as "buffers" to commit violent crimes and evade prosecution by claims [that Plaintiff is] involved with sleeping with the mafia as in the criminal complaint against Charley Sahadi; retaliated by in further by [Plaintiff's] Real Estate brokerage + REBNY claims the same & claims that [Plaintiff] ha[s] something against people

of the Jewish Faith with blocked income because REBNY members went along with doing this to [Plaintiff]; and infuriated cosmetic surgeons to thwart surgery outcome; and using private investigators, government employees, and cops to do this to [Plaintiff], resulting in Antitrust violations, Enterprise corruption, HIPAA law violations, any medical injuries to [Plaintiff's] body, and discrimination. This complaint is explaining in full and the facts of this case are attached, and with supporting documentation. These are crimes of power, in which different courts were used to steer a false profile of [Plaintiff's] person and the judges were uninformed and misinformed, manipulating false data, and decisions rendered by the judges.

(ECF 1, at 7-8.)  In support of her claims, Plaintiff has attached numerous exhibits, which include communications between herself and law-enforcement officials, cosmetic surgeons, her employers, and others.

Although this appears to be Plaintiff's first fee-paid case filed in this Court, Plaintiff has a history of filing frivolous actions *in forma pauperis*.  In 2015, then-Chief Judge Preska barred Plaintiff under 28 U.S.C. § 1651 from filing future civil actions *in forma pauperis* in this Court without first obtaining leave from the Court.  *See* Bar Order, *Araman v. Best Buy et al.*, No. 15-cv-2198 (LAP) (S.D.N.Y. June 29, 2015), ECF 7.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's Complaint—considering both its statement of claim and the attached exhibits—presents no basis for a legally viable claim over which this Court has federal-question jurisdiction, *see Denton*, 504 U.S. at 32-33; *Livingston*, 141 F.3d at 437.  Plaintiff articulates no facts plausibly suggesting that any antitrust violations, enterprise corruption, or discrimination (or, for that matter, any other violations of federal law) occurred.  Indeed, the Court concludes that the factual allegations that are in Plaintiff's Complaint "rise to the level of irrational or wholly incredible and there is no legal theory on which Plaintiff can rely as to those claims."  Order of Dismissal, *Araman v. Best Buy et al.*, No. 15-cv-2198 (LAP) (SDNY May 12, 2015), ECF 5, at 6.

Further, Plaintiff does not have standing to bring her claims that seek criminal sanctions against some Defendants.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.") (internal quotation marks and citation omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects—but leave to amend is not required where it would be futile, such as when even "a liberal reading" of the complaint gives no "indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991); *see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (clarifying that courts have the power to dismiss without leave to amend "in extraordinary circumstances," including when "the substance of the claim pleaded is frivolous on its face").  Particularly in light of Plaintiff's history of frivolous filings, the Court declines to grant Plaintiff leave to amend.  *See Owens v. Shields*, 34 F. App'x 33, 35 (2d Cir. 2002) ("In light of [*pro se* plaintiff's] unintelligible Complaint, along with his history of . . . frivolous filings, granting leave to amend would have been futile."); *Munsif v. Barr*, 797 F. App'x 658, 660 (2d. Cir. 2020) ("Munsif's complaint does not suggest any plausible claim.  Therefore, the district court properly dismissed Munsif's claim without leave to amend.").

Plaintiff is warned that if she persists in filing frivolous complaints, the Court may issue an order barring her from filing future civil actions in this Court without leave of Court.

## CONCLUSION

For the reasons stated above, the Court dismisses this action for lack of subject matter jurisdiction and as frivolous.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith, and therefore in forma pauperis status is denied

for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents.  (ECF 2.)

SO ORDERED.

Dated:    November 9, 2021
          New York, New York

_____
RONNIE ABRAMS
United States District Judge