USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/06/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTINE M. ARAMAN,

            Plaintiff,

-against-

REAL ESTATE BOARD OF NEW YORK; 237 105TH STREET LLC; REAL BROKER LLC; ALEX ARAMAN; BEVERLY ARAMAN; PAUL ARAMAN; SHIRLEY CABRERA; DR. SERGEI KALSOW MD PC; CHARLIE SAHADI; JONAHTAN GARDNER; FEDERAL BUREAU OF INVESTIGATION; NINA CARLOW ESQ.; AARON LEVY; MATHEW LEVY; ANNA ARAMAN; ANNA ARAMAN C/O OCTOLY; BARRY JANAY C/O RICK STEINER FELL & BENOWITZ LLP; BARRY JANAY C/O THE LAW OFFICE OF BARRY E. JANAY P.C.,

            Defendants.

21-CV-8397 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Christine M. Araman, proceeding *pro se*, moves for reconsideration of the Court's November 9, 2021 order dismissing her case for lack of federal subject matter jurisdiction and as frivolous. For the reasons that follow, the motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

    On October 12, 2021, Plaintiff brought this action, invoking the Court's federal question jurisdiction. She alleged that the federal constitutional and statutory bases for her claims consisted of "antitrust violations, enterprise corruption, discrimination, medical malpractice – HIPAA violations, [and] standard of care." Complaint at 4. Her Complaint's Statement of Claim read, in its entirety, as follows:

> An integrated group of people in New York and [who] work in New York retaliated against [Plaintiff] based on their belief that [she is] weak and pass blame on [her]

> with accusation[s] they have projected onto [her]. They are defendants Paul Araman, Matthew and Anna Araman. The retaliation comes from their belief that [Plaintiff] know[s] something about drugs but the fact is Dan Morro, a former narcotics agent with Homeland Security was investigating people from [Plaintiff's] hometown in Old Tappan, NJ. They retaliated against [Plaintiff] using people as "buffers" to commit violent crimes and evade prosecution by claims [that Plaintiff is] involved with sleeping with the mafia as in the criminal complaint against Charley Sahadi; retaliated by in further by [Plaintiff's] Real Estate brokerage + REBNY claims the same & claims that [Plaintiff] ha[s] something against people of the Jewish Faith with blocked income because REBNY members went along with doing this to [Plaintiff]; and infuriated cosmetic surgeons to thwart surgery outcome; and using private investigators, government employees, and cops to do this to [Plaintiff], resulting in Antitrust violations, Enterprise corruption, HIPAA law violations, any medical injuries to [Plaintiff's] body, and discrimination. This complaint is explaining in full and the facts of this case are attached, and with supporting documentation. These are crimes of power, in which different courts were used to steer a false profile of [Plaintiff's] person and the judges were uninformed and misinformed, manipulating false data, and decisions rendered by the judges.

*Id.* at 7-8. In a letter appended to her Complaint, Plaintiff further asserted that: (1) sexual harassment perpetrated against her by certain individuals amounted to antitrust violations because those actions led to Plaintiff's loss of work and income; (2) "violent crimes [and] medical crimes" perpetrated against her by cosmetic surgeons amounted to HIPAA violations; and (3) a scheme by two individual defendants to "sexually harass, annoy, [and] alarm" Plaintiff amounted to enterprise corruption pursuant to New York Penal Law § 460.20. *Id.* at 12-15. She also alleged widespread corruption in the New York District Attorney's Office. *Id.*

Based on this purported conduct, Plaintiff sought damages, "civil and criminal sanctions" against some Defendants, an order of protection against other Defendants, and reimbursement of legal and medical fees. She did not invoke diversity jurisdiction or mention the citizenship of any named Defendants.

On November 9, 2021, the Court dismissed the action for lack of subject matter jurisdiction and as frivolous. Specifically, the Court concluded (1) that none of Plaintiff's allegations presented

a plausible basis for a legally viable claim over which the Court had federal question jurisdiction; and (2) that Plaintiff's factual allegations rose to the level of the irrational or wholly incredible.

On November 19, 2021, Plaintiff submitted a letter in which she requested that the case "not be dismissed" and asked for additional time to respond to the Court's order of dismissal. On November 23, 2021, the Court issued an order asking Plaintiff to clarify whether she was seeking reconsideration, and, if she was doing so, to set out the factual basis for federal question jurisdiction or diversity jurisdiction. Plaintiff responded on December 10, 2021, requesting that the Court construe her November 19 submission as a motion for reconsideration. She did not, however, allege additional facts going to either federal question jurisdiction or diversity jurisdiction. Plaintiff filed another letter on April 26, 2022, in which she sought to amend her December 10 submission "to reflect that [she] was appealing [the Court's] original order."[1] April 26 letter at 1. In that letter, Plaintiff also expressed her "firm belief based on fact and law that the jurisdiction is indeed the southern district . . . [because] the issues of federal questions arise out of incidents and crimes that happened to [her] in the State of New York." *Id.*[2]

In Plaintiff's subsequent submissions—particularly her April 26 submission—she alleges the following additional purported harms, some of which appear related to her earlier allegations and some of which appear unrelated:

- Prosecutors in the New York County District Attorney's Office "viciously and maliciously prosecuted [her] two times for the same constructed charge and the same constructed cases in two separate years," made a "bogus" referral to the FBI

---

[1] Although Plaintiff stated that she was appealing the Court's "November 23rd" order, the Court assumes that Plaintiff seeks to appeal the November 9 order of dismissal, not the November 23 request for clarification.

[2] The Court also received a voice message from Plaintiff on May 5, 2022, in which she largely repeated the allegations in her written submissions.

3

about her, and "illegally enter[ed] false information about [her] in the public files of the New York City Housing Court." *Id.* at 1-3.

- Various individuals made false statements about her to others, including that she "ha[s] something against Italians" and that she was communicating to the FBI about certain individuals. *Id.* at 3.

- Various individuals, including her family members, initiated "frivolous" cases against her. *Id.*

- Various criminal acts were perpetrated against her, including an individual "tracking" her at her gym; a doctor assaulting her under anesthesia by lacerating her arm; an unknown individual poisoning either her food or her antibiotics; and an individual hacking her computer and bank account and deleting text messages from her phone. *Id.*

Plaintiff explains that her "efforts in this case are to point out the facts that have been hidden for so long by both government employees and organized crime and the lawyers the perpetrators hired to have a continuous negative impact on [her] career, income, [and] residential life." December 10 letter at 2. She also seeks orders of protection against several of her family members. *Id.*

## LEGAL STANDARD

A party seeking reconsideration must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

4

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Accordingly, a reconsideration motion "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Simon v. United States*, Nos. 12-cv-5209, 07-cr-474 (ER), 2021 WL 242360, at *2 (S.D.N.Y. Jan. 25, 2021).[3]

"[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or when "either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory," *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

Given Plaintiff's *pro se* status, the Court interprets her filings to "raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

## DISCUSSION

After reviewing Plaintiff's filings of November 19, December 10, and April 26, the Court finds that Plaintiff has not pointed to any matters that the Court overlooked, whether factual or legal, that alter the conclusions reached in its November 9 order. Plaintiff's three submissions following that order merely repeat the factual allegations of her initial pleading or raise similarly incredible allegations. Accordingly, even interpreting Plaintiff's filings to raise the strongest arguments they suggest, the Court again concludes that her allegations "rise to the level of the irrational, and there is no legal theory on which [she] can rely." *People #1 v. Williams*, No. 19-

---

[3] Unless otherwise noted, case quotations omit all internal quotations, citations, alterations, and footnotes.

CV-11959 (CM), 2020 WL 353434, at *1 (S.D.N.Y. Jan. 17, 2020); *see Ahmed v. Ocasio-Cortez*, No. 19-CV-5582 (EK) (JO), 2020 WL 5502360, at *1 (E.D.N.Y. Sept. 11, 2020) (denying reconsideration when a *pro se* plaintiff merely "repeat[ed] allegations that th[e] Court already found to be frivolous"). Plaintiff's attempt to cast doubt on the caselaw on which the Court relied in its prior order is similarly unpersuasive. *See* November 19 letter at 1 (arguing that the cases cited in that order "have nothing to do with [her]" and are not "relevant to this case or to the Federal Questions [she has] raised"). The Court also adheres to its conclusion that none of Plaintiff's allegations plausibly describe a violation of federal law. Plaintiff asserts that the incidents giving rise to her claims occurred in New York, *see* April 26 letter at 1—but this would be potentially relevant to the propriety of personal jurisdiction or venue, not to the existence of federal subject matter jurisdiction.[4]

      The Court finally notes that Plaintiff styles her April 26 submission as "a formal criminal complaint" against various individuals and seeks an order of protection against them. *Id.* at 2. As the Court previously ruled, however, Plaintiff does not have standing to seek criminal sanctions or an order of protection from this Court. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Fed. R. Civ. P. 12(h)(3); *see also Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.").

---

[4] As to Plaintiff's invocation of HIPAA specifically, "courts have held that HIPAA does not provide for either an express or implied private right of action." *Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009). Further, while Plaintiff's statement that "some of the opposing parties are from different states" could theoretically support diversity jurisdiction, April 26 letter at 1, this vague assertion does not change the Court's overall conclusion that her factual allegations are frivolous.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. The Court's November 9, 2021 order denied Plaintiff all relief and closed the case. Accordingly, the Clerk of Court is respectfully directed to enter judgment consistent with the Court's November 9 order.

In her April 26 submission, Plaintiff indicated for the first time that she intended her November 19 submission to act not only as a reconsideration motion, but also as a notice of appeal. "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2). Keeping in mind Plaintiff's *pro se* status, the Court construes Plaintiff's November 19 submission as a notice of appeal and treats it as filed on the date that the Clerk of Court enters judgment in this case. Plaintiff may appeal that judgment consistent with the Federal Rules of Appellate Procedure. She is reminded, however, of the Court's prior certification under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, such that *in forma pauperis* status is denied for the purpose of an appeal.

Plaintiff has consented to electronic service of court documents. Out of an abundance of caution, however, the Court respectfully directs the Clerk of Court to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: May 6, 2022
New York, New York

RONNIE ABRAMS
United States District Judge