USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:  08/01/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTINE M. ARAMAN,

               Plaintiff,

       -against-

REAL ESTATE BOARD OF NEW YORK; 237
105TH STREET LLC; REAL BROKER LLC;
ALEX ARAMAN; BEVERLY ARAMAN; PAUL
ARAMAN; SHIRLEY CABRERA; DR. SERGEI
KALSOW MD PC; CHARLIE SAHADI;
JONAHTAN GARDNER; FEDERAL BUREAU
OF INVESTIGATION; NINA CARLOW ESQ.;
AARON LEVY; MATHEW LEVY; ANNA
ARAMAN; ANNA ARAMAN C/O OCTOLY;
BARRY JANAY C/O RICK STEINER FELL &
BENOWITZ LLP; BARRY JANAY C/O THE
LAW OFFICE OF BARRY E. JANAY P.C.,

               Defendants.

1:21-CV-8397 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On May 9, 2022, *pro se* Plaintiff appealed from (1) this Court's order of May 6, 2022, which denied Plaintiff's motion for reconsideration of the Court's prior dismissal of her claims, and (2) the Clerk of Court's judgment of May 9, 2022.  On or around July 22, 2022, the Court received a letter from Plaintiff in which she expressed her disagreement with this Court's dismissal of her claims and stated: "[i]f you continue to falsely claim these issues are frivolous . . . then please recuse yourself and have this case assigned to another Judge."

Generally, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  This Court thus lacks jurisdiction to consider Plaintiff's motion for recusal.  *See Straw v. Dentons US LLP*, No. 20-CV-3312 (JGK),

2020 WL 4004128, at *1 (S.D.N.Y. July 15, 2020) (concluding that the district court did not have jurisdiction over a motion to recuse that was filed after a notice of appeal).

Even if this Court had jurisdiction over Plaintiff's motion for recusal, it would deny the motion. A judge must recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The showing of personal bias to warrant recusal must ordinarily be based on 'extrajudicial conduct . . . not conduct which arises in a judicial context.'" *Uppal v. Bank of Am.*, No. 18-CV-3085 (CM), 2018 WL 10323031, at *2 (S.D.N.Y. June 12, 2018) (quoting *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994)). "Disagreement with the decision of the Court is not a basis for recusal." *Straw*, 2020 WL 4004128, at *1; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . Almost invariably, they are proper grounds for appeal, not for recusal."). Plaintiff's asserted grounds for recusal merely express disagreement with the Court's ruling that she had failed to state a claim over which this Court had subject matter jurisdiction; accordingly, recusal is not warranted because "a reasonable and objective observer would perceive only Plaintiff's dissatisfaction with the Court's rulings." *Uppal*, 2018 WL 10323031, at *2 (denying a motion to recuse when the court had "simply determined that Plaintiff's complaint failed to state a claim falling under its subject matter jurisdiction").

Plaintiff has consented to electronic service of court documents.

SO ORDERED.

Dated:   August 1, 2022
         New York, New York

_____
RONNIE ABRAMS
United States District Judge