UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTINE M. ARAMAN,

                     Plaintiff,

              v.

REAL ESTATE BOARD OF NEW YORK; 237 105TH STREET LLC; REAL BROKER LLC; ALEX ARAMAN; BEVERLY ARAMAN; PAUL ARAMAN; SHIRLEY CABRERA; DR. SERGEI KALSOW MD PC; CHARLIE SAHADI; JONAHTAN GARDNER; FEDERAL BUREAU OF INVESTIGATION; NINA CARLOW ESQ.; AARON LEVY; MATHEW LEVY; ANNA ARAMAN; ANNA ARAMAN C/O OCTOLY; BARRY JANAY C/O RICK STEINER FELL & BENOWITZ LLP; BARRY JANAY C/O THE LAW OFFICE OF BARRY E. JANAY P.C.,

                     Defendant.

21-CV-8397 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Christine M. Araman, proceeding *pro se*, initiated this action on October 12, 2021, after paying the relevant fees. *See* ECF No. 1. Her complaint alleged "antitrust violations, enterprise corruption, discrimination, medical malpractice— HIPAA violations, [and] standard of care," and she sought damages, "civil and criminal sanctions" against some Defendants, an order of protection against other Defendants, and reimbursement of legal and medical fees. *See id.* The Court dismissed this action on November 9, 2021 for lack of subject matter jurisdiction and as frivolous, *see* ECF No. 23, and denied Ms. Araman's motion for reconsideration on May 6, 2022, *see* ECF No. 36. Ms. Araman appealed the Court's decision, *see* ECF No. 38, and the United States Court of Appeals for the Second Circuit dismissed the appeal on August 24, 2023, *see* ECF No. 41. At that point, Ms. Araman's case was closed. Since that time, Ms. Araman has made numerous filings, including a motion to refund the $505 fee paid to the Second Circuit in connection with her appeal, ECF No. 48, a "motion to overturn all wrongful decisions," ECF No.

50, an application to proceed *in forma pauperis*, ECF No. 55, and an application for the Court to request pro bono counsel to represent her, ECF No. 56. The Court will address each in turn.

First, the Court lacks authority to order the Second Circuit to refund Ms. Araman's filing fee, and the Court previously denied *in forma pauperis* status for purposes of an appeal. *See* ECF No. 23 at 5. Second, regarding Ms. Araman's "motion to overturn all wrongful decisions," insofar as Ms. Araman seeks relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b), she fails to establish grounds for relief. As the Court stated when it dismissed this action, Ms. Araman's allegations "rise to the level of irrational or wholly incredible and there is no legal theory on which [she] can rely as to those claims." ECF No. 23 at 3. That remains true today. Finally, as Ms. Araman's case is closed, there is no need for her to proceed *in forma pauperis* or to obtain counsel to represent her in this action. Moreover, in 2015, then-Chief Judge Preska barred Ms. Araman under 28 U.S.C. § 1651 from filing future civil actions *in forma pauperis* in this Court without first obtaining leave from the Court. *See* Bar Order, *Araman v. Best Buy et al.*, No. 15-cv-2198 (LAP) (S.D.N.Y. June 29, 2015), ECF 7. To the extent Ms. Araman seeks leave here, that application is denied.

For the reasons set forth above, Ms. Araman's pending motions and applications are denied. The Court reminds Ms. Araman that she may not send the Court filings, attachments, and/or other messages via email. The Court will not docket any such emails or attachments. Any future submissions must be made through the Pro Se Office. The Court also reminds Ms. Araman that this case is closed.

The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

Dated:   November 21, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge