UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTINE M. ARAMAN,

                Plaintiff,

        v.

REAL ESTATE BOARD OF NEW YORK; 237 105TH STREET LLC; REAL BROKER LLC; ALEX ARAMAN; BEVERLY ARAMAN; PAUL ARAMAN; SHIRLEY CABRERA; DR. SERGEI KALSOW MD PC; CHARLIE SAHADI; JONAHTAN GARDNER; FEDERAL BUREAU OF INVESTIGATION; NINA CARLOW ESQ.; AARON LEVY; MATHEW LEVY; ANNA ARAMAN; ANNA ARAMAN C/O OCTOLY; BARRY JANAY C/O RICK STEINER FELL & BENOWITZ LLP; BARRY JANAY C/O THE LAW OFFICE OF BARRY E. JANAY P.C.,

                Defendants.

21-CV-8397 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Christine M. Araman, proceeding *pro se*, initiated this action on October 12, 2021, after paying the relevant fees. *See* ECF No. 1. The Court dismissed this action on November 9, 2021 for lack of subject matter jurisdiction and as frivolous, and this case has been closed since that date. *See* ECF No. 23. The Court denied Ms. Araman's motion for reconsideration on May 6, 2022, *see* ECF No. 36, and the United States Court of Appeals for the Second Circuit dismissed her appeal on August 24, 2023, *see* ECF No. 41. Since that time, Ms. Araman has made numerous filings, including, most recently, a motion to reopen the case, and a motion to renew, reargue, and/or vacate various orders of the New York County Criminal Court, Supreme Court, Family Court, and Housing Court, among others. *See* ECF Nos. 62–70.

    Ms. Araman's motions are denied for the reasons stated in this Court's prior orders. *See* ECF Nos. 23, 36, 58. To the extent Ms. Araman seeks relief from a final judgment pursuant to

Federal Rule of Civil Procedure 60(b), she fails to establish grounds for such relief. Moreover, Ms. Araman's motions are denied for the following additional reasons:

(1) Federal courts do not have the power to compel prosecuting authorities to commence investigations or prosecutions. *See Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir. 1990).

(2) Federal courts must generally abstain from intervening in state criminal proceedings "under the principle known as comity [because] a federal district court has no power to intervene in the internal procedures of the state courts." *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006).

(3) Federal courts lack jurisdiction to review state court orders—including those of the Family Court and the Housing Court. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.").

Put simply, even if Ms. Araman's claims did not "rise to the level of irrational or wholly incredible," ECF No. 23 at 3, the Court would lack the power to grant the relief she seeks.

Ms. Araman is reminded that this case is closed and is encouraged to consider the above before making any further applications to this Court. Additional frivolous filings may result in sanctions, including a filing injunction. *See Duran v. Kiley*, 586 F. App'x 598, 600 (2d Cir. 2013).

The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

Dated:   August 6, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge